IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00308-CMA-KLM

JORDAN JOHNSTON and
BRITTANY LALONDE,

    Plaintiffs,

v.

ELLICOT FIRE PROTECTION DISTRICT,
TAMMY ESPINOZA - GONZALEZ, in both her personal and official capacity as a member of the board of directors of the District,
DAVID HENLEY, in both his personal and official capacity as a member of the board of directors of the District,
ELLICOT VOLUNTEER FIRE DEPARTMENT, and
MICHAEL HENLEY, in both his personal and official capacity as an employee of the District and officer of the department,

    Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

---

This matter is before the Court on a Motion to Dismiss filed by Defendants Ellicott Fire Protection District ("EFPD"), Tammy Espinoza-Gonzalez, David Henley, Ellicott Volunteer Fire Department ("the Fire Department"), Nellie Roop,[1] and Michael Henley. (Doc. # 30.) On September 8, 2016, Plaintiff filed a response to Defendant's motion. (Doc. # 39.) On September 23, 2016, Defendants filed a reply. (Doc. # 48.) For reasons addressed below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

---

[1] Nellie Roop was dismissed from this case upon a stipulated motion to dismiss. (Doc. # 46.)

## I.   BACKGROUND

Plaintiffs Jordan Johnston and Brittany LaLonde filed an Amended Complaint and Jury Demand on July 8, 2016, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), and a state law claim for extreme and outrageous conduct.  (Doc. # 26.)  Plaintiffs' claims arise from their status as volunteers with the Fire Department and EFPD, and are asserted against the EFPD (a special district and political subdivision of Colorado), EFPD Board of Directors Members Tammy Espinoza-Gonzalez and David Henley, the Fire Department (an unincorporated nonprofit association), and the Fire Department Captain Michael Henley.  (*Id.* at 1, 3-4.)

Plaintiffs allege that on June 11, 2014, they brought complaints regarding Michael Henley to the then-Chief of the Fire Department and the EFPD's Board of Directors.  (*Id.* at 4 ¶ 21.)  Dissatisfied with the response to their complaints, Plaintiffs sought legal counsel and filed separate charges with the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at 5 ¶ 25.)  On December 11, 2015, after requesting a Right to Sue, Plaintiffs received a Notice of Right to Sue from the EEOC and filed the instant case.  (*Id.* at 5 ¶ 26.)

Plaintiff LaLonde alleges that Michael Henley engaged her in "unwelcome... offensive sexual advances" periodically throughout 2012 and toward the end of 2014.  (*Id.* at 11-13 ¶¶ 59-77.)  She further alleges that the EFPD maintained a hostile work environment, which included alleged "sexting" incidents, comments about the Fire Department members' cognitive abilities, suspensions "for reporting illicit behavior," withholding personal protective equipment, and intimidation.  (*Id.* at 14 ¶¶ 82-83, 87.)

Both Plaintiffs allege that, after they reported Michael Henley's actions to the Fire Department and EFPD's Board of Directors, the EFPD and the Fire Department retaliated against them by suspending them pending an investigation. (*Id.* at 18, 20-21 ¶¶ 107, 124.) Plaintiffs allege that they were prevented from attending an Emergency Medical Technician Course sponsored by EFPD during the time of their suspension. (*Id.* at 19 ¶¶ 111-14.) After they were reinstated in August 2014, Plaintiffs claim that their colleagues "shunned" them. (*Id.* at 20 ¶¶ 119-20.) Plaintiffs allege that their suspensions continued in effect after they were reinstated, because there were delays in returning personal protective equipment that was necessary for them to have in order to safely perform their duties. (*Id.* at 20 ¶¶ 121-22.) Finally, Plaintiffs allege that Michael Henley demonstrated "malicious behavior directed against the Plaintiffs," including assigning Plaintiff Johnston to a fire where he "narrowly escaped serious injury or death." (*Id.* at 21 ¶¶ 126-27.)

Plaintiffs assert the following claims: (I) Title VII quid pro quo sexual harassment by Plaintiff LaLonde against Defendants Michael Henley, the Fire Department, and EFPD; (II) Title VII hostile work environment sexual harassment by Plaintiff LaLonde against Defendants Michael Henley, the Fire Department, and EFPD; (III) Title VII retaliation by both Plaintiffs against all Defendants; and (IV) a state law claim for extreme and outrageous conduct by both Plaintiffs against Defendant Michael Henley. (Doc. # 26.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotations omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiffs have pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation is a two-step analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

The court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III. ANALYSIS

#### A. Title VII Claims Against Individual Defendants

Plaintiffs have stipulated to a dismissal of claims (I), (II), and (III) against the individual Defendants in both their individual and official capacities. (Doc. # 39 at 1-2.) Accordingly, the Court dismisses claims (I), (II), and (III) against Defendant Michael Henley, and dismisses claim (III) against Defendants Tammy Espinoza-Gonzalez and David Henley.

#### B. Ellicott Volunteer Fire Department

Defendant moves to dismiss Plaintiffs' claims against the Ellicott Volunteer Fire Department arguing that the Fire Department is not an entity that is subject to suit. Plaintiffs do not address this issue, instead arguing that the Fire Department and the

Ellicott Fire Protection District constitute joint employers under Title VII. Plaintiffs' response misses the mark. The joint or single employer test is used for determining when an entity, which does not directly employ the plaintiff, sufficiently controls the means and manner of the plaintiff's work to be considered an employer under Title VII. *See e.g., Lambertsen v. Utah Dept. of Correction*s, 79 F.3d 1024, 1028 (10th Cir. 1996). This test does not address the question of whether the Fire Department is an entity that can be sued directly.

This Court agrees with Defendant that the Ellicott Volunteer Fire Department is not an entity that is subject to suit. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims because City of Denver Police Department not a separate suable entity); *Harper v. City of Cortex*, 14-cv-2984-KLM, 2015 WL 4720311 (D. Colo. Aug. 10, 2015) (dismissing Cortez Police Department because it is not a separate and distinct entity amenable to being sued); *Gash v. City of Denver*, No. 12–cv–00929–REB–MJW, 2012 WL 3638798 (D. Colo. Aug. 23, 2012) (dismissing claims with prejudice because "plaintiff cannot state viable claims against the Denver Fire Department or Denver Police Department as they are not juridical entities subject to suit"); *Boren v. City of Colo. Springs*, 624 F.Supp. 474, 479 (D. Colo. 1985) (holding city's police department, as merely the vehicle through which city fulfills its policing functions, not a proper party). Accordingly, this Court agrees that Plaintiffs' claims against Defendant Ellicott Volunteer Fire Department must be dismissed.

### C. Plaintiffs Have Alleged Sufficient Facts to Establish an Employee-Employer Relationship under Title VII

Defendants argue that claims (I), (II), and (III) should be dismissed because Plaintiffs, as volunteer firefighters, are not employees for purposes of Title VII. (Doc. # 30 at 11.) Plaintiffs, however, assert that even though they were volunteers, the benefits they received and the totality of the circumstances of their working relationship with the Fire Department and EFPD renders them "employees" for purposes of Title VII. (Doc. # 39 at 3.)

Title VII provides the following, unhelpful and circular definition: "The term 'employee' means an individual employed by an employer." 42 U.S.C. § 2000e(f). The Supreme Court has stated that courts should presume that Congress had in mind "the conventional master-servant relationship as understood by the common-law agency doctrine." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322-23 (1992).

To determine whether someone is an employee under Title VII, courts consider the totality of the circumstances surrounding the working relationship of the parties. *Zinn v. McKune*, 143 F.3d 1353, 1357 (10th Cir. 1998). The Tenth Circuit's "hybrid inquiry" focuses on whether and to what extent the employer has the right to control the means and manner of the worker's performance, and the following factors:

> (1) the kind of occupation at issue, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the employer or the employee furnishes the equipment used and the place of work; (4) the length of time the individual has worked; (5) the method of payment, whether by time or by job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the employer; (9) whether the worker accumulates retirement benefits;

(10) whether the employer pays social security taxes; and (11) the intention of the parties.

*Id.*

This is the analysis typically employed by courts to determine whether someone is an individual contractor or an employee under Title VII. The Tenth Circuit, however, has joined the Second, Fourth, Fifth, Eighth, and Eleventh Circuits in adopting a threshold-remuneration test for cases where the putative employee is not paid for his or her work. *McGuinness v. Univ. of New Mexico Sch. of Med.*, 170 F.3d 974, 979 (10th Cir. 1998) (citing *O'Connor v. Davis*, 126 F.3d 112, 116 (2d Cir. 1997)). Under this test, courts analyze the volunteer's showing of remuneration before analyzing whether an employment relationship exists under the common-law agency doctrine. *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 435 (5th Cir. 2013). Remuneration may consist of either direct compensation, such as salary or wages, or significant indirect benefits not merely incidental to the volunteer activity. *Id*. If someone fails to demonstrate any remuneration, they cannot be considered an employee under Title VII. *See, e.g.*, *McGuinness*, 170 F.3d at 979 (finding medical student was not an employee under the ADA because he did not receive any remuneration).

Although the Tenth Circuit has adopted the threshold-remuneration test, the Tenth Circuit has not examined how much remuneration is necessary to meet the threshold test. Because of the lack of Tenth Circuit authority, the Court finds it helpful to explore how other courts have analyzed this issue. The seminal case in this area is *Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211 (4th Cir. 1993). *Haavistola* involved a Title VII sex discrimination claim by a volunteer firefighter who did

not receive direct compensation, but did receive other benefits, including: a disability pension, survivors' benefits for dependents, scholarships for dependents upon disability or death, group life insurance, tuition reimbursement for courses in emergency medical and fire service techniques, workers' compensation coverage, tax-exemptions for unreimbursed travel expenses, right to purchase commemorative license plates at a lower rate, and an opportunity to obtain paramedic certification.  *Id.* at 221.  The Fourth Circuit reversed the district court's determination that the volunteer was not an employee, and held that because of the numerous benefits she received as a volunteer firefighter, the issue could not be determined as a matter of law.  *Id*. at 221-22.  It then remanded the issue for the fact finder to determine "whether the benefits represent indirect but significant remuneration…or inconsequential incidents of an otherwise gratuitous relationship."  *Id*. at 222.

The Second Circuit confronted the same issue of whether volunteer firefighters are employees entitled to protection under Title VII in *Pietras v. Board of Fire Commissioners of Farmingville Fire Dist.,* 180 F.3d 468 (2d Cir. 1999).  In *Pietras*, the Second Circuit affirmed the District Court's finding, following a bench trial, that the plaintiff, although a volunteer, was an employee of the fire department under Title VII. Though the volunteer firefighter received no salary, she received numerous other benefits, including: a retirement pension, life insurance, death benefits, disability insurance, and some medical benefits.  *Id.* at 471.  The Second Circuit agreed with the Fourth Circuit's *Haavistola* decision and held that "an employment relationship within

the scope of Title VII can exist even when the putative employee receives no salary so long as he or she gets numerous job-related benefits."

In *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 435 (5th Cir. 2013), the Fifth Circuit also adopted the threshold remuneration requirement in a case in which an unsalaried volunteer firefighter brought a sexual harassment claim under Title VII against the fire department. The court noted that the volunteer received the following benefits from her volunteer firefighting: $2.00 per fire/emergency call, which amounted to a total of $78.00 for 39 calls; a life insurance policy; a uniform and badge; firefighting and emergency response gear; and firefighting and emergency first-response training. *Id.* at 439. The *Juino* court found that the benefits that the volunteer firefighter received were "unlike the significant indirect benefits received by the volunteer firefighters in *Haavistola* and *Pietras*." *Id.* The court reasoned that the volunteer firefighter failed to make the threshold showing of remuneration, because her benefits were "purely incidental to her volunteer service with" the fire department. *Id*. at 440 (citing *United States v. City of New York*, 359 F.3d 83, 92 (2d Cir. 2004) ("[R]emuneration need not be a salary, but must consist of 'substantial benefits not merely incidental to the activity performed'"). As such, the court concluded that the volunteer firefighter was not an "employee" under Title VII. *Id.*

Finally, one of our sister courts has considered the remuneration issue regarding benefits to volunteer firefighters in *Scott v. City of Minco,* 393 F. Supp. 2d 1180, 1183 (W.D. Okla. 2005). In *Scott*, a former police officer filed sex discrimination and retaliation claims under Title VII. *Id.* at 1189. The city moved for summary judgment

arguing that it had fewer than fifteen employees. The plaintiff argued that the fourteen members of the volunteer fire department should be considered employees. The *Scott* court noted that the volunteer firefighters received the following benefits: the City contributed $60 per year to the state pension for each volunteer firefighter; retirement benefits from the state pension, if they had completed at least ten years of service at age 50; benefits if killed in the line of duty, including a tuition waiver for the firefighter's children to attend a public university; a tax credit; and an opportunity to purchase a firefighter's license tag. *Id.* at 1183. In its analysis, the court found the line-of-duty benefits unpersuasive because they were "of no benefit to the firefighter unless injured or killed on the job." *Id.* at 1190. Moreover, the court noted there was no evidence introduced regarding whether the volunteer firefighters met the requirements to receive the pension benefits and tax credits, the latter of which were available only to those firefighters who achieved certain certifications and completed a required amount of continuing education. *Id.* at 1190. Accordingly, the court held that "the benefits received by the City's volunteer firefighters are simply too minor to rise to a level that can be characterized as compensation." *Id.*[2]

---

[2] The court in *Scott* recognized that its decision was contrary to *Haavistola*, which held that the question of whether benefits are sufficient to establish an employment relationship is best left for the finder of fact, but stated that its decision was consistent with Tenth Circuit precedent, citing *Ferroni v. Teamsters, Chauffuers & Warehousemen Local No. 222*, 297 F.3d 1146 (10th Cir. 2002). This Court disagrees that the Tenth Circuit has, in any way, deviated from the holding in *Haavistola*. In *Ferroni*, the Tenth Circuit reached the issue of whether union stewards constitute employees for purposes of satisfying Title VII's fifteen-employee requirement. *Id.* at 1152. The Tenth Circuit affirmed the district court's conclusion that the union stewards were not employees under Title VII, because the only evidence that the plaintiff produced were "documents showing isolated reimbursements for lost time." *Id.* The Tenth Circuit, noting the lack of any other evidence concerning the employer-employee relationship between the union and the union stewards, affirmed the district court's granting of summary judgment to the union. *Id.* It is

In this case, Plaintiffs concede that they were not directly compensated as volunteers with the Fire Department and EFPD. (Doc. # 26 at ¶ 9). Plaintiffs do allege, however, that the following benefits were available to them: (1) workers' compensation; (2) funeral benefits; (3) death benefits; (4) reimbursement of pre-approved expenses; (5) off-site travel and training costs, as approved; (6) tuition credits under state programs; (7) death gratuity eligibility under state and federal laws; (8) the ability to purchase vehicle tires under a state procurement contract; (9) personal protective equipment; (10) radios for point-to-point communication; (11) pagers for dispatch; (12) uniform shirts and outerwear; and (13) consideration for part-time or full-time employment. (*Id.*, ¶¶ 45-48). Defendants argue that these benefits are not significant enough to constitute remuneration that establishes an employment relationship. (Doc. # 30 at 14-16).

At this early stage in the instant case, the Court is unwilling to determine as a matter of law that the benefits Plaintiffs allege they received as volunteers with the Fire Department do not establish sufficient remuneration. The Court believes that Plaintiffs have listed sufficient benefits in the Amended Complaint to make it plausible that the "the benefits represent indirect but significant remuneration." *Haavistola*, 6 F.3d at 222.

---

unclear whether the Tenth Circuit reached the question of whether the isolated reimbursements were sufficient to meet the threshold remuneration test. Instead, the Tenth Circuit appears to have proceeded to the second step of the inquiry and held that because the plaintiff had failed to present any other evidence concerning the relationship between the union and union stewards, the payments were insufficient to establish, on their own, that the totality of the circumstances established an employer-employee relationship. The Tenth Circuit did not state that this was a question of law. Rather, it appears that the plaintiff in *Ferroni*, failed to present any evidence establishing a material issue of fact concerning any of the factors to be considered for determining an employer-employee relationship. The Tenth Circuit's holding in *Ferroni*, therefore, is not inconsistent with a holding that the question of what constitutes sufficient remuneration is a question of fact, properly reserved for the finder of fact.

Unlike in *Juino*, where the court found that the benefits "were purely incidental to her volunteer service," in this case, it is sufficiently plausible that, at least some of Plaintiffs' benefits were not just "purely incidental" to their service as volunteer firefighters. *Juino*, F.3d at 440. Thus, accepting all of Plaintiffs' allegations as true, and drawing all reasonable inferences in a manner favorable to Plaintiffs, as the Court is required to do when ruling on a motion to dismiss, the Court finds that these benefits could constitute substantial remuneration sufficient to establish an employer-employee relationship under Title VII.

The Court acknowledges that it reaches a different result than the court in *Scott v. City of Minco,* 393 F. Supp. 2d 1180. Of course, this Court is not bound in any way by the decision in *Scott*. Regardless, it is important to note, that the court in *Scott* was ruling on a motion for summary judgment, and thus the parties had the opportunity to conduct discovery regarding the value of the benefits provided to the firefighters. In this case the parties have yet to engage in discovery regarding the scope of the benefits provided by the Fire Department to its volunteer fire fighters, and the cost and value of those benefits. Moreover, even at this early stage, Plaintiffs have pleaded facts that, if proven true, could establish they received more significant benefits than the plaintiffs in *Scott*.

Accordingly, Defendants' motion to dismiss Plaintiffs' Title VII claims on the basis that Plaintiffs are not employees entitled to Title VII protections is denied.

### D. Plaintiffs' Title VII Claims against EFPD

Finally, Defendants move to dismiss Plaintiffs' claims against Ellicot Fire Protection District on the basis that the affirmative defense outlined by the Supreme Court in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998) bars this case because, according to Defendants, Plaintiffs unreasonably delayed reporting the alleged incidents of sexual harassment and the EFPD promptly acted to investigate the Plaintiffs' complaints and suspend all of the parties involved.  Defendants' allegations are insufficient to establish the *Faragher/Ellerth* defense as a matter of law.  To prevail on the *Faragher/Ellerth* affirmative defense, an employer must prove both prongs of the affirmative defense: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise."  *Kramer v. Wasatch County Sherrif's Office*, 743 F.3d 726, 745 (10th Cir. 2014).  By its plain language, to establish the first element, an employer must prove that it exercised reasonable care to prevent any sexually harassing behavior.  Defendants have not even alleged, more the less proved, that they made any attempt to prevent the sexual harassment from occurring in the first place.  Defendants also fail to establish as a matter of law that they promptly corrected any sexually harassing behavior.  In their Amended Complaint, Plaintiffs allege that "throughout the period of time in which the unwelcome, and offensive sexual advances occurred, Chief Nellie Roop was aware that the conduct was occurring, and failed to respond or take

any remedial action to terminate the inappropriate behavior." (Doc. # 26 at ¶ 76.) This allegation, if proven, is sufficient to establish that Defendant did not act promptly in addressing the sexual harassment. Finally, in responding to a complaint of sexual harassment, an employer must prove not just that it made "an attempt" to promptly remediate the reported sexual harassment, but also show that its attempts were "reasonably calculated to end the harassment and deter future harassers." *Kramer v. Wasatch County Sherrif's Office*, 743 F.3d 726, 747 (10th Cir. 2014) (internal quotations omitted). There is no evidence, at this stage in the litigation, that Defendants actions would deter future harassers.

Accordingly, Defendants' motion to dismiss Plaintiffs' Title VII claims against Defendant Ellicot Fire Protection District is denied.

### IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Motion to Dismiss, (Doc. # 30), is GRANTED in part. It is

ORDERED that Claims (I), (II), and (III) against Defendant Michael Henley are DISMISSED with prejudice. It is Further

ORDERED that Claim (III) against Defendants Tammy Espinoza-Gonzalez and David Henley is DISMISSED with prejudice. It is further

ORDERED that Plaintiffs' claims against Defendant Ellicot Volunteer Fire Department are DISSMISSED with prejudice. It is further

ORDERED that the Defendants' motion is DENIED as to dismissing claims (I), (II), and (III) against Defendant Ellicot Fire Protection District. Finally, it is further

ORDERED that the caption on all subsequent filings shall reflect the removal of Ellicot Volunteer Fire Department, Tammy Espinoza-Gonzalz, and David Henley as Defendants in this case.

DATED: December 12, 2016         BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge